UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**C&M INVESTMENT GROUP, LTD.,**
et al.,

    **Plaintiffs,**

v.                                                          Case No. 8:10-cv-394-T-30EAJ

**NEIL DAVID CAMPBELL, et al.,**

    **Defendants.**
_____/

## **ORDER**

Plaintiffs C&M Investment Group, Ltd. ("C&M") and Karlin Holdings Limited Partnership ("Karlin") (collectively "Plaintiffs") assert three causes of action in their complaint against Defendants Neil David Campbell ("Mr. Campbell") and Julie Campbell ("Mrs. Campbell") (collectively "Defendants"): Count I for avoidance of a fraudulent transfer based on actual fraud; Count II for avoidance of a fraudulent transfer based on constructive fraud; and Count III for the imposition of a constructive trust. These claims relate to an underlying fraud committed by Mr. Campbell against Plaintiffs and Mrs. Campbell's subsequent purchase of a Sarasota property with sums allegedly misappropriated through this underlying fraud.

This cause now comes before the Court upon Defendants' Motion to Dismiss Complaint (Dkt. 11), filed on March 17, 2010, and Plaintiffs' Opposition to Defendants'

Motion to Dismiss (Dkt. 12), filed on April 5, 2010.  Defendants argue that Plaintiffs' complaint is subject to dismissal because the Sarasota property at issue is protected by the Florida Homestead Act and Plaintiffs' claims do not meet any exception to the Homestead Act because they fail to plead a direct link between the alleged fraud and the Sarasota property.  Plaintiffs counter that the Homestead Act does not protect property that is acquired with sums misappropriated through fraud and that their claims sufficiently plead direct allegations of Defendants' use of fraudulent funds to purchase the Sarasota property.  The Court concludes that Defendants' Motion to Dismiss should be denied because Plaintiffs' complaint, accepted as true, alleges adequate facts to place the Sarasota property outside the Homestead Exemption.

## DISCUSSION

**I.      Standard of Review on a Motion to Dismiss**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive a motion to dismiss, a plaintiff''s complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a

statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II. Whether Plaintiffs' Claims are Barred by the Florida Homestead Act

Florida's Homestead exemption provides, in pertinent part:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
> (1) a homestead....

Fla. Const. Art. 10, § 4. While this provision grants an exemption from the forced sale of a homestead, the exemption is inapplicable where "funds obtained through fraud or egregious conduct were used to invest in, purchase or improve the homestead." *In re Hecker*, 264 Fed. Appx. 786, 789 (11th Cir. 2008) (*citing In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880, 888 (11th Cir. 2003) (*quoting Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018, 1028 (Fla.

2001)). In *Havoco*, the Florida Supreme Court held that the homestead exemption does not shield homes purchased with funds obtained through fraud.

Defendants acknowledge the exception to the homestead exemption recognized in *Havoco*, but argue that Plaintiffs' claims fail to sufficiently plead a direct link between Mr. Campbell's alleged fraud and the funds used to purchase the Sarasota property. Essentially, Defendants argue that the allegations do not adequately state that the funds Mr. Campbell obtained through fraud were used to purchase the Sarasota property. The Court disagrees. Plaintiffs' complaint goes into great detail to establish the background of Mr. Campbell's alleged fraud against Plaintiffs and the link between the funds obtained through that fraud and Mrs. Campbell's ultimate purchase of the Sarasota property. Although Defendants may quibble that Plaintiffs are merely speculating about how these events are related, at the motion to dismiss stage, the Court must accept these allegations as true. Accordingly, Defendants' Motion to Dismiss Complaint (Dkt. 11) is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Complaint (Dkt. 11) is hereby DENIED.
2. Defendants have fourteen (14) days from the date of this Order to file an answer to Plaintiffs' Complaint.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record