# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**C&M INVESTMENT GROUP, LTD.**
**and KARLIN HOLDINGS LIMITED**
**PARTNERSHIP,**

      **Plaintiffs,**

**v.**                                 **Case No.  8:10-cv-394-T-30EAJ**

**NEIL DAVID CAMPBELL and**
**JULIE CAMPBELL,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Stay Action and Memorandum in Support (Dkt. 29) and Plaintiffs' Opposition to Defendants' Motion to Stay Action (Dkt. 39).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiffs C&M Investment Group, Ltd. ("C&M") and Karlin Holdings Limited Partnership ("Karlin") (collectively "Plaintiffs") assert three causes of action in their complaint against Defendants Neil David Campbell ("Mr. Campbell") and Julie Campbell ("Mrs. Campbell") (collectively "Defendants"): Count I for avoidance of a fraudulent transfer based on actual fraud; Count II for avoidance of a fraudulent transfer based on constructive fraud; and Count III for the imposition of a constructive trust.  These claims

relate to an underlying fraud committed by Mr. Campbell against Plaintiffs and Mrs. Campbell's subsequent purchase of a Sarasota property with sums allegedly misappropriated through this underlying fraud. Plaintiffs filed a state-court action in California prior to filing this action, alleging that Mr. Campbell and a Costa Rican based co-conspirator stole millions of dollars from Plaintiffs.

This cause now comes before the Court upon Defendants' motion to stay this action. Notably, Defendants did not raise this issue in their previous motion to dismiss (which was denied by the Court), and Defendants have allowed this case to proceed for more than seven months without any objection. However, now, Defendants argue that the case should be stayed because of its alleged similarity to the California state-court action.

Plaintiffs argue that the California action and this action are not parallel actions. Plaintiffs point out that this action was filed while the California lawsuit was pending, because during that time, Mr. Campbell sold his house in California for more than $2.2 million and transferred the proceeds from the sale to his wife. Mrs. Campbell, who allegedly knew of the fraud committed against Plaintiffs, then purchased a new $1.9 million home in Sarasota, Florida in her name alone. Plaintiffs claim that this set of transactions was designed to avoid having to satisfy a future judgment in the California action. Plaintiffs also point out that the California court has already awarded Plaintiffs partial summary judgment in the amount of $1.545 million against Mr. Campbell.

The Court agrees that a stay of this action would be inappropriate because the California action and this action are not parallel.

## **DISCUSSION**

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996). Nevertheless, while stressing the federal courts' "virtually unflagging obligation ... to exercise the jurisdiction given them," the Supreme Court has also recognized that, based on considerations pertaining to wise judicial administration, a district court may defer to a parallel state proceeding if "exceptional circumstances" exist which clearly justify abstention. *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 813, 817-18 (U.S. 1976); *see also Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994 (11th Cir. 2004). The principles of this doctrine "rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817 (citation and internal quotation marks omitted).

The first step in determining whether the *Colorado River* doctrine applies is to decide whether the concurrent state and federal cases are in fact parallel cases.  Proceedings need not involve identical parties, issues, and requests for relief in order to be deemed parallel. *Ambrosia Coal and Constr. Co. v. Pages Morales,* 368 F.3d 1320, 1329 (11th Cir. 2004). Rather, the *"Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.* at 1330.  If the two cases are not parallel, the *Colorado River* doctrine does not apply. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.,* 250 F.3d 510, 518 (7th Cir. 2001).  "[A]ny doubt

regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction ...." *Id.* at 520.

If the actions are determined to be parallel, under the second step of a *Colorado River* analysis, the defendant must show that "exceptional circumstances" justify abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  The relevant *Colorado River* considerations include: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1294-95 (11th Cir. 1998) (summarizing the factors set forth in *Colorado River* and *Moses H. Cone Mem'l Hosp.*).  The decision to dismiss or stay "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 16.

The Court first considers the threshold question of whether the state and federal cases are parallel and, for the foregoing reasons, concludes that they are not.  The California action was filed by Plaintiffs against Mr. Campbell and a co-conspirator, who is not a party in this action, and involves issues of Mr. Campbell's breach of fiduciary duties and constructive fraud (which has already been ruled in Plaintiffs' favor, with an award of $1.545 million in

damages) and whether Mr. Campbell and the co-conspirator are liable to Plaintiffs for additional amounts of money under fraud and RICO theories.

This action deals with whether Mr. Campbell fraudulently transferred assets to Defendant Julie Campbell, who is not a party in the California action.  Notably, the Florida property at issue in this case is not at issue in the California action.  And as Plaintiffs point out, contrary to Defendants' argument that this action is just a collection action, an action for fraudulent transfer under Florida law is not an action to collect, but rather a claim that requires an independent adjudication of liability based on statutorily-defined elements.

Because this threshold requirement has not been satisfied, and thus the *Colorado River* doctrine does not apply, the Court does not need to consider any additional factors to conclude that abstention is not warranted.  Accordingly, Defendants' motion to stay is denied.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein, Defendants' Motion to Stay Action and Memorandum in Support (Dkt. 29) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-394.mtstayDkt29.frm